IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| Sir Leander E. Gamble<br>Plaintiff | * | Civil Action No. **TDC18CV1370** |
| | * | |
| v | * | Removed from the Circuit Court |
| | * | for Charles County, Maryland |
| Shellpoint Mortgage Servicing<br>Defendant | * | CASE # C-08-CV-18-000044 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, removes the action pending in the Circuit Court for Charles County, Maryland to the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1331 and 1441.

### I. STATEMENT OF THE CASE

1. On November 3, 2017, Mr. Gamble filed his original complaint against Shellpoint in the District Court of Maryland, Charles County, case no. D-042-CV-17-002781. He sued for $30,000 based on "damages for intentional affliction of mental and emotional distress. Improper collection practices, abuse of collection practices and harassment." (*See* compl./application and aff. in supp. of j.) On January 5, 2018, Shellpoint filed its intention to defend and request for jury trial. This case transferred to the Circuit Court for Charles County, Maryland on January 10, 2018, case no. C-08-CV-18-000044. On February 5, 2018, Shellpoint filed its motion for more definite statement or in the alternative to dismiss for failure to state a claim and memorandum in support. On February 13, 2018, Mr. Gamble filed an amended complaint and an opposition to Shellpoint's motion. He sought $300,000 in damages. (*See* am. compl.)

2. Mr. Gamble's counsel filed a notice of appearance on February 16, 2018. On April 13, 2018, Mr. Gamble filed his first amended complaint. (*See* first am. compl.) Mr. Gamble asserts claims labeled **(1)** Fair Debt Collection Practices Act (**FDCPA**); **(2)** Maryland Consumer Debt Collection Act; **(3)** Maryland Consumer Protection Act § 14-202; and **(4)** intentional infliction of emotional distress. (*See* first am. compl. ¶¶ 20-38). Mr. Gamble seeks compensatory damages, punitive damages, attorney's fees and costs in excess of $300,000. (*See* first am. compl. ¶¶ 1, 5-19 23, 25, 31, 38).

## II. BASIS FOR FEDERAL QUESTION JURISDICTION

3. Under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441 because Mr. Gamble asserts violations of the FDCPA. The court has supplemental jurisdiction over the state law claims, if any, because they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

## III. THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

4. Removal of this action is timely because Shellpoint is removing this case within 30 days of receiving Mr. Gamble's first amended complaint containing a claim for violation of the FDCPA—the prior complaints contain no federal law claims. "If the removability of the case is not ascertainable in the initial pleading, the defendant may remove within 30 days of receiving 'an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Smith v. MCIC, Inc.*, No. CCB-16-2484, 2016 WL 6403581, at *2 (D. Md. Oct. 27, 2016) (citing 28 U.S.C. § 1446(b)(3)); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[O]nly where an initial pleading reveals a

ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal . . .")

5. "To determine when a defendant first had notice of grounds for removal, the court must 'rely on the face of the initial pleading and on the documents exchanged in the case by the parties.' " *Citrano v. John Crane-Houdaille, Inc.*, 1 F. Supp. 3d 459, 465 (D. Md. 2014) (citing *Lovern*, 121 F.3d 160 at 162). "[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." *Lovern*, 121 F.3d 160 at 162. If the details concerning grounds to remove are "obscured or omitted, or indeed misstated", the case is not removable. *Id.*

6. Relevant to debt collection, Mr. Gamble's original and amended complaints sought damages for "abuse of collection practices". (*See* compl.; *see* am. compl.) This case was not removable based on the original and amended complaints because there was no federal question. The grounds for removal first appeared in Mr. Gamble's first amended complaint (filed on April 13, 2018) when he alleged FDCPA violations. (*See* first am. compl. ¶¶ 20-23).

7. Venue is proper in this court because the United States District Court for the District of Maryland, Southern Division, embraces the place in which the state court action was

pending. 28 U.S.C. § 1441(a). Shellpoint provided notice to the state court regarding this removal. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court actions are attached as **Exhibits A-L**.

## IV. CONCLUSION

8. The court may exercise federal question jurisdiction over this action because Mr. Gamble asserts a claim for FDCPA violations and the procedural requirements are satisfied.

Respectfully submitted,

*/s/ Paul J. Moran*
Paul J. Moran
Attorney # 1006170172
Stern & Eisenberg
9920 Franklin Square Dr. Suite 100
Baltimore, MD 21236
Phone (410) 635-5127 Ext. 4420
Fax 443-815-3931

### Certificate of Service

**I HEREBY CERTIFY** that on May 11, 2018, that a copy of this motion was mailed 1st class mail, postage prepaid to:

Reuben B. Collins, II
R.B. Collins Law, LLC
3725 Leonardtown Road, Suite 214
Waldorf, Maryland 20601
Attorney for Plaintiff

*/s/ Paul J. Moran*
Paul J. Moran
Attorney # 1006170172
Stern & Eisenberg
9920 Franklin Square Dr. Suite 100
Baltimore, MD 21236
Phone (410) 635-5127 Ext. 4420
Fax 443-815-3931